UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVEN KENT BASS, | § | |
| TDCJ # 01986615, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. H-17-3327 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | | |

## MEMORANDUM AND ORDER

The petitioner, Steven Kent Bass ("Bass"), is currently incarcerated and in the custody of the Texas Department of Criminal Justice ("TDCJ"). Bass seeks a writ of habeas corpus to challenge a state court conviction and sentence under 28 U.S.C. § 2254. For the reasons that follow, his petition will be dismissed as barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d).

### I. BACKGROUND AND PROCEDURAL HISTORY

According to the petition and public records, on March 4, 2015, Bass pled guilty to driving while intoxicated (DWI) in case number 1373677 in the 209th Judicial District Court of Harris County, Texas and was sentenced to 8 years in prison.[1] Bass indicates that he did not challenge his conviction on direct appeal.[2] He reports that he filed a state application for habeas corpus on July 13, 2017, and the application was denied without written order by the Texas

---

[1] Docket Entry No. 1 ("Petition") at 2-3; *see also* Texas Department of Criminal Justice Offender Search website, *available at* https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=03357093, last visited on November 2, 2017.

[2] Petition at 3.

Court of Criminal Appeals on August 23, 2017.[3]

In a federal petition that is dated October 24, 2017, Bass now seeks a writ of habeas corpus to challenge his conviction under 28 U.S.C. § 2254.[4] In that petition, Bass raises claims regarding an unreasonable search under the Fourth Amendment and ineffective assistance of counsel.[5] The Court finds that Bass's petition is subject to dismissal because it is barred by the applicable one-year statute of limitations.

## II. THE ONE-YEAR STATUTE OF LIMITATIONS

This federal habeas corpus proceeding is governed by the Anti-terrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Under the AEDPA, a habeas corpus petition is subject to a one-year limitations period found in 28 U.S.C. §2244(d), which provides as follows:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[3] *Id.* at 4.

[4] *Id.* at 10.

[5] *See id.* at 6-7.

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (West 2015). Because Bass challenges a state court judgment of conviction, the statute of limitations for federal habeas corpus review began to run at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Bass's direct review concluded and his conviction became final for the purposes of federal habeas corpus review on April 3, 2015, when the time to file an appeal expired. *See* TEX. R. APP. P. 26.2(a)(1). The one-year statute of limitations began to run on that date for purposes of 28 U.S.C. §2244(d)(1)(A). Bass's pending federal habeas corpus petition, filed on October 24, 2017, is well outside the limitations period and is therefore time-barred unless an exception applies.

### A. STATUTORY TOLLING

The statute of limitations is tolled for the time during which a properly filed application for habeas corpus or other collateral relief is pending in the state courts. *See* 28 U.S.C. §2244(d)(2). Bass's July 2017 state habeas corpus application, filed well outside the limitations period, does not toll the statute of limitations for purposes of 28 U.S.C. § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period). More than two and a half years have elapsed since Bass's case became final.

Bass has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Accordingly, there is no statutory basis to save Bass's late-filed claims.

### B. <u>EQUITABLE TOLLING</u>

On the form petition executed by Bass advising him of the AEDPA one-year statute of limitations and asking him to explain why his petition was not time barred, Bass contends that he is entitled to equitable tolling.[6] Equitable tolling is an extraordinary remedy that is sparingly applied. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). The Fifth Circuit has held that the statute of limitation found in the AEDPA may be equitably tolled, at the district court's discretion, only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The habeas petitioner bears the burden of establishing that equitable tolling is warranted. *See Howland v. Quarterman*, 507 F.3d 840, 845 (5th Cir. 2007). The Supreme Court has clarified that a "'[habeas] petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Bass cannot demonstrate that he is entitled to equitable tolling because he does not allege facts showing that he has pursued relief with the requisite due diligence. In that respect, Bass waited more than two years after his conviction became final in April 2015 to file his state

---

[6] *See* Petition at 9.

habeas corpus application in July 2017. Bass offers no explanation for this delay and he does not otherwise attempt to demonstrate that he was prevented from timely seeking review by an extraordinary circumstance.

Bass appears to argue that equitable tolling is appropriate because, at the time of his arrest for DWI in 2013, he was subjected to a warrantless, nonconsensual blood draw. Docket Entry No. 2 at 3-5. Bass points out that the validity of a non-consensual, warrantless blood draw of a person suspected of DWI under Chapter 724 of the Texas Transportation Code has been called into question by Texas courts. *See, e.g., State v. Villarreal*, 475 S.W.3d 784, 808 (Tex. Crim. App. 2014); *State v. Pimentel*, 2015 WL 3878079 (Tex. App.—El Paso June 23, 2015, no pet.). Bass reasons that, because he was subjected to a warrantless search in 2013, his counsel should have informed him in 2015, when he pled guilty, that the evidence of the blood draw results could be challenged and suppressed at trial on Fourth Amendment grounds. He contends that if he had known that the blood draw results could be suppressed, he would not have pled guilty. Relying on *Ex parte Beck*,[7] *Heath v. State*,[8] and *Ex parte Schexanwayder*,[9] Bass argues that "a defect that renders a sentence void may be raised at anytime," and "when the statute you are prosecuted under is declared unconstitutional/invalid, you may challenge your incarceration." *See* Docket Entry No. 2 at 5.

*Beck*, *Heath*, and *Schexanwayder* are inapposite and do not support Bass's claim of entitlement to equitable tolling. Unlike the petitioners in *Beck* or *Heath*, who showed that they were assessed a punishment that exceeded the statutory maximums for their respective offenses,

---

[7] 922 S.W.2d 181, 182 (1996).

[8] 817 S.W.2d 335, 336 (Tex. Crim. App. 1991), abrogated by *Ex parte Williams*, 65 S.W.3d 656, 658 (Tex. Crim. App. 2001) (en banc).

[9] 88 S.W.2d 480 (1935).

Bass does not show that his sentence is void. *See Beck*, 922 S.W.2d at 182; *Heath*, 817 S.W.2d at 336. And, unlike the situation in *Schexanwayder,* where the law prohibiting the sale of intoxicating liquor was repealed during the pendency of the defendant's criminal proceedings, Bass does not show that the Texas DWI statute under which he was convicted has been declared unconstitutional or invalid. He does not otherwise show any defect in his conviction that would render his conviction void. As stated above, Bass does not explain his failure to challenge his conviction in a timely fashion, nor does he allege facts to show that he acted with the due diligence required for equitable tolling. Accordingly, the Court finds that Petitioner has not stated a basis for tolling the limitations period. Therefore, this case is barred by the one-year statute of limitations under the AEDPA.

### III. **CERTIFICATE OF APPEALABILITY**

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. *See* 28 U.S.C. § 2253. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition

states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

**IV.  CONCLUSION AND ORDER**

Based on the foregoing, the Court **ORDERS** as follows:

1. Petitioner Steven Kent Bass's petition is **DISMISSED** with prejudice as barred by the one-year statute of limitations.

2. Petitioner's Motion to Proceed *In Forma Pauperis* (Docket Entry No. 3) is **GRANTED**.

3. A certificate of appealability is **DENIED**.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, this 6th day of November, 2017.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE